IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No.: 4:03-474-CWH-7 |
| | ) | |
| vs. | ) | |
| | ) | |
| James Anteny Tyshawn Brown, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

On July 10, 2003, the defendant, James Anteny Tyshawn Brown, pleaded guilty to conspiracy to distribute, and to possess with intent to distribute, 50 grams or more of cocaine base, commonly known as crack cocaine, and 5 kilograms or more of cocaine, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Court adopted a drug quantity of 6 kilograms of crack cocaine. On February 24, 2004, the Court sentenced the defendant to a term of 144 months in prison, and five years supervised release, to be served concurrent with a sentence imposed in an earlier case (United States v. Brown, 4:02-cr-760-1). Thereafter, on December 8, 2008, the Court reduced the defendant's sentence to 108 months, pursuant to the government's Rule 35(b) motion.

On December 9, 2009,[1] the defendant filed a motion (ECF No. 1418) in which he requested that the Court re-sentence him by applying a 1-to-1 crack-to-powder ratio, a formula which has been adopted by several district courts. See, e.g., United States v. Lewis, 623 F. Supp. 2d 42, 45 (D.D.C. 2009); United States v. Gully, 619 F. Supp. 2d 633, 644 (N.D. Iowa 2009).

---

[1] See Houston v. Lack, 487 U.S. 266, 268 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



The defendant's motion to challenge his sentence is untimely. The defendant initially was sentenced to 144 months in prison on February 24, 2004. The judgment was entered on March 3, 2004. He did not file a direct appeal of his sentence. Therefore, the only avenue by which the defendant could attack his sentence would be through a petition filed pursuant to 28 U.S.C. § 2255. The Antiterrorism and Effective Death Penalty Act establishes a one-year limitations period for the filing of a Section 2255 petition, a period that runs from, inter alia, the date on which the judgment of conviction becomes final. 28 U.S.C. 2255(f)(1). The defendant had one year from March 3, 2004, plus ten days, or until March 13, 2005, to file a petition pursuant to 28 U.S.C. § 2255. The defendant's motion is dismissed as untimely.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

July 29, 2011
Charleston, South Carolina